UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELLO L. TUFONO,<br><br>Plaintiff,<br><br>v.<br><br>BURATOVICH, et al.,<br><br>Defendants. | No. 2:23-cv-2986-CKD P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff, who was a county inmate when this case was initiated, proceeds without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On August 14, 2024, defendants filed a motion to revoke plaintiff's in forma pauperis ("IFP") status and to require payment of the filing fee for this case. (ECF No. 20.) Plaintiff has not opposed the motion.

On July 15, 2024, the court advised plaintiff that motions would be briefed pursuant to Local Rule 230(l). (ECF No. 19 at 6.) In addition, by order filed November 5, 2024, plaintiff was ordered to file a response to the defendants' pending motion or face dismissal of this action. (ECF No. 23.) The time granted has expired, and plaintiff has not complied with the order or otherwise responded to the court.

In addition, a recent court order was served on plaintiff's address of record and returned by the postal service. It appears that plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. More

1

1  than sixty-three days have passed since the court order was returned by the postal service and
2  plaintiff has failed to notify the court of a current address.
3  "District courts have inherent power to control their dockets" and, in exercising that
4  power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City
5  of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action,
6  the court considers several factors: (1) the public's interest in expeditious resolution of litigation;
7  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
8  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
9  sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).
10  The court has considered the factors set forth above and finds they favor dismissal.
11  Plaintiff's failure to update his address of record and failure to comply with the Court's orders
12  and the Local Rules suggests plaintiff has abandoned this action. This case cannot proceed
13  without plaintiff's participation. Thus, the court finds no suitable alternative to dismissal.
14  IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to this
15  action.
16  For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:
17  1. This action be DISMISSED without prejudice. See Fed. R. Civ. P. 41(b); Local Rule
18      183(b).
19  2. Defendants' motion to revoke plaintiff's IFP status (ECF No. 20) be denied as moot.
20  3. The Clerk of the Court be directed to close this case.
21  These findings and recommendations are submitted to the United States District Judge
22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
23  after being served with these findings and recommendations, any party may file written
24  objections with the court and serve a copy on all parties. Such a document should be captioned
25  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
26  /////
27  /////
28  /////

1 objections shall be filed and served within fourteen days after service of the objections. The
2 parties are advised that failure to file objections within the specified time may waive the right to
3 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 Dated:  January 22, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, tufo2986.nooppo.fr

3